## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**BRITTANY O, as Parent and Next Friend of L**                                    **PLAINTIFF**

**V.**                                            **CASE NO. 5:15-CV-5269**

**TEXARKANA BEHAVIORAL ASSOCIATES, L.C.,
d/b/a Vista Health TDT, d/b/a Vantage Point of
Northwest Arkansas; WINSTON "ALLEN"
MORRISON, JR., Individually and as Vista
Outpatient Counselor; SHANNON NOLAN,
Individually and as Vista TDT Mental Health
ParaProfessional; CHARLES "CHUCK"
SHIELDS, Individually and as Vista TDT Therapist**                 **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are Defendant Texarkana Behavioral Associates, L.C.'s

("TBA") Motion for Partial Summary Judgment (Doc. 50), Brief in Support (Doc. 51), and

Statement of Undisputed Facts in Support (Doc. 52).  Also before the Court are Plaintiff

Brittany O's Motion for Reconsideration (Doc. 55) and Brief in Support (Doc. 56), as well

as TBA's Response (Doc. 57).  Finally, Plaintiff Brittany O has also filed a Motion to Stay

Pretrial Deadlines (Doc. 58).

Pursuant to previous Orders in this case, Plaintiff only has one federal-law claim

remaining against any defendants in this case: her claim against TBA under Section 504

of the Rehabilitation Act. *See* Doc. 49, pp. 19–20. TBA has moved for summary judgment

on this claim, and in lieu of filing a response Plaintiff has indicated that she does not

1

oppose TBA's Motion.[1]  Accordingly, the Court will grant TBA's Motion.  *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 734–35 (8th Cir. 2009).

Turning to Plaintiff's Motion for Reconsideration, she argues that her Complaint "contained grammatical errors" that "caused the Court to misconstrue her state law claims of negligence and the deprivation of a public education, into a cause of action for educational negligence," (Doc. 55, ¶ 7), which the Court dismissed with prejudice on the grounds that Arkansas courts have explicitly refused to recognize a cause of action for educational malpractice, *see* Doc. 49, pp. 16–17.  In light of this explanation, Plaintiff asks the Court either to entirely reconsider its dismissal of her negligence claims, or to amend its Order on those claims to a dismissal *without* prejudice.  Before stating its ruling on this particular request, the Court observes that since there are no remaining federal-law issues in this case, and since the Complaint does not plead complete diversity of citizenship among the parties, *see* Doc. 1, ¶¶ 2–11, the Court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.  The Court intends to employ its discretion in that manner, so in the interest of judicial economy it is unwilling to fully revisit its prior Order on Plaintiff's state-law negligence claims.  However, for the sake of clarity and out of an abundance of caution, the Court *is* willing to amend that Order to clarify that the only state-law claim

---

[1] Plaintiff states in a footnote to her Motion for Reconsideration that "[i]n light of the Court's discussion and ruling on Plaintiff's ADA claim against TBA, Plaintiff will not oppose TBA's Motion to Dismiss Plaintiff's 504 claim." (Doc. 55, p. 1 n.1).  TBA, as stated above, has not moved to "dismiss" Plaintiff's 504 claim, but rather has moved for summary judgment on that claim.  In a phone call to the Court on August 8, 2016, Kitty Cone, counsel for Plaintiff, clarified that Plaintiff intended for this footnote to state that Plaintiff does not oppose TBA's pending Motion for Partial Summary Judgment.

being dismissed with prejudice in this case is Plaintiff's claim for educational malpractice. To whatever extent any other claims for negligence may be gleaned from Plaintiff's Complaint,[2] such claims will be dismissed *without* prejudice under 28 U.S.C. § 1367(c)(3) along with all other state-law claims in this case.

**IT IS THEREFORE ORDERED** that Plaintiff Brittany O's Motion for Reconsideration (Doc. 55) is **GRANTED IN PART AND DENIED IN PART** as follows: this Court's prior dismissal with prejudice of Plaintiff's negligence claims, (Doc. 49, pp. 17, 19), is hereby amended to a dismissal with prejudice of Plaintiff's educational malpractice claims.

**IT IS FURTHER ORDERED** that Defendant Texarkana Behavioral Associates, L.C.'s Motion for Partial Summary Judgment (Doc. 50) is **GRANTED** as follows: Plaintiff's claim under Section 504 of the Rehabilitation Act is **DISMISSED WITH PREJUDICE**.

The Court employs its discretion under 28 U.S.C. § 1367(c)(3) not to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, which are therefore **DISMISSED WITHOUT PREJUDICE**. Accordingly, no claims remain pending before this Court, and Plaintiff Brittany O's Motion to Stay Pretrial Deadlines (Doc. 58) is **MOOT**. Judgment will be filed contemporaneously with this Order.

**IT IS SO ORDERED** on this ___16th___ day of August, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] The Court makes no finding as to whether Plaintiff properly stated any such claims in her Complaint.